Mr. Chief Justice Johnson delivered the opinion of the Court. The main question involved in this case is, whether the, Circuit Court decided correctly or not in sustaining the demurrer of the defendant to the plaintiff’s first and second replications interposed to his plea of the statute of limitations. It may be important, as a preliminary matter, to lay down what it is that constitutes the commencement of an action in the Circuit Court. The 2d sec., ch. 126, Dig., provides that “suit's at law may be commenced in any of the Circuit Courts of this State by filing,' in the office of the clerk of such Court, a declaration, petition or statement, in writing, setting forth the plaintiff’s cause of action and by the voluntary appearance of the defendant, or by filing such declaration, petition or statement, in such office, and suing out thereon a writ of summons or capias ad respondendum against the person or of attachment against the property of the defendant.” It is clear and indisputable, under this provision of the statute, that, unless the defendant makes his appearance voluntarily, the issuance of the writ is a necessary element in the institution of the suit. It is not the mere act of filing the declaration, petition, or statement, in writing, but the joint act of filing the same and the issuance of the writ, that constitutes the commencement Sf the suit. The instrument sued upon fell due on the 28th October, A.D. 1844; the petition was brought to the April term, 1847, and the writ issued on the 1st February, 1849. The two replications are substantially the same, and neither contains such matter as amounts to an answer to the plea. The replications appear to be predicated upon the idea that the actual issuance of the writ may be dispensed with within the limitation, and that an instruction to the clerk to that effect would be a compliance with the law. The facts set up cannot have the effect to take the case out of the operation of the act, as it is not pretended that the Bank actually commenced her suit before the expiration of three years from the time the cause of action accrued. The Court decided correctly in giving the instructions asked by the defendant below, and also in refusing those claimed by the plaintiff. The defendant first asked the Court to instruct the jury that, unless the plaintiff had proved that she filed her petition and issued her writ thereon within three years next after the cause of action accrued, they must find for the defendants; and secondly, that the cause of action did accrue on the day the note became due. The first has been virtually sustained by the definition already given of the commencement of a suit, and the second is self-evident, and consequently needs no argument or illustration. The instruction prayed by the plaintiff, and refused by the Court, is, that the jury must find separately on each of the issues made between the parties upon the testimony given in the case. This, most clearly, should not have been given. It may be true that the jury might have found separately; yet, it by no means follows that they were compellable to do so. If they were satisfied, from the evidence, that the defendant had sustained either of the issues, they were undoubtedly entitled to a verdict, as each plea was an answer to the whole action. We are satisfied, therefore, that there is no error in the judgment and proceedings of the Circuit Court. The judgment is, therefore, in all things, affirmed.